IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO LYNN FLUKER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-0327 |
| | : | |
| TRANS UNION, LLC | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                         **April 7, 2025**

      Plaintiff Antonio Lynn Fluker, a *pro se* federal inmate at FCI Schuykill, filed a Complaint against Trans Union, LLC (ECF No. 2), and a motion to proceed *in forma pauperis* (ECF No. 1). Because Fluker has obtained three prior "strikes" and has not alleged an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), the Court will deny leave to proceed *in forma pauperis* and require that Fluker pay the full filing fee if he wishes to continue with the case.

**I.    FACTUAL ALLEGATIONS**

      Fluker asserts claims for money damages against TransUnion, LLC ("TransUnion") for violations of the Fair Credit Reporting Act (FCRA). Compl. at 7. He contends he submitted disputes concerning allegedly fraudulent hard inquiries into his consumer credit file, but TransUnion did not investigate them. *Id.* at 6. Fluker claims the inaccuracies had adverse effects on his credit score and worthiness, and that TransUnion's misreporting to third parties caused him to be denied credit and the closure of an existing account. *Id.*

**II.    STANDARD OF REVIEW**

      The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239

F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996.  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Put more simply, a prisoner with three prior "strikes" can proceed *in forma pauperis* only if he is in imminent danger of serious physical injury.

A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).  "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect."  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).  Courts must consider

a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

### III. "THREE-STRIKE" ANALYSIS

Fluker has accumulated at least three strikes for purposes of § 1915(g). In *Fluker v. Ally Fin., Inc.*, No. 22-12536 (E.D. Mich.), Fluker filed a complaint while housed in the Clare County Jail in Clare, Michigan. In an order entered on December 21, 2023, the United States District Court for the Eastern District of Michigan, Southern Division, granted the defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed Fluker's complaint for failure to state a claim. *See* Order, No. 22-12536 (E.D. Mich. Dec. 21, 2023). The dismissal of that case in its entirety for failure to state a claim constitutes a strike under § 1915(g).

In *Jones v. Hemingway*, No. 23-10842 (E.D. Mich.), Fluker filed a complaint while incarcerated at the Federal Correctional Institution in Milan, Michigan.[1] The District Court granted the defendants' Rule 12(b)(6) motion and dismissed that complaint. *See* Order, No. 23-10842 (E.D. Mich. Jul. 31, 2024). The District Court's order dismissing the complaint in full for failure to state a claim constitutes a strike under § 1915(g).

Fluker filed a complaint in *Fluker v. Trans Union, LLC*, No. 24-12738 (E.D. Mich.), while incarcerated at FCI Schuylkill in Minersville, Pennsylvania. The District Court entered an order adopting a Magistrate Judge's report recommending dismissal of the complaint under Sections 1915(e)(2)(B) and 1915A(b)(1) as frivolous and because it failed to state a claim.[2] *See* Order, No.

---

[1] Fluker brought this civil action with another plaintiff, Ricky L. Jones. *See* Complaint, No. 23-10842 at ECF No. 1.

[2] The court's dismissal was based on reasoning that Fluker failed to establish Article III standing for the same reasons a prior complaint of his failed. *See* Order, No. 24-12738 (E.D. Mich. Jan. 7, 2025). Although a dismissal for lack of standing is not a dismissal on an enumerated ground, the court made clear that its dismissal was for "frivolity and failure to state a claim" under

3

24-12738 (E.D. Mich. Jan. 7, 2025). The Court dismissed the complaint and closed the case.[3] *Id.* The dismissal of the case in its entirety on enumerated statutory grounds constitutes another strike.

Because Fluker has accumulated three strikes, he is "out" and can no longer proceed *in forma pauperis* in any federal court unless he can show he is in imminent danger of serious physical injury at the time he brought his Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal

---

the statutory screening requirements. *Id.* Since frivolity and failure to state a claim are enumerated grounds that qualify a dismissal as a strike, this dismissal is appropriately counted. *Cf. Ball*, 726 F.3d at 460 (recognizing that when the plain text of an order dismisses a case based on an enumerated ground, the dismissal counts as a strike even if the underlying analysis hinges on a legal issue that otherwise would not trigger a strike). Notably, frivolity dismissals predicated on lack of standing have been upheld in the Third Circuit. *See Credico v. Unknown Off. for U.S. Drone Strikes*, 537 F. App'x 22 (3d Cir. 2013) (*per curiam*) (dismissing appeal of district court's order dismissing complaint "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)" because plaintiff lacked standing to pursue a generalized grievance); *Awala v. Wachovia Corp.*, 156 F. App'x 527, 528 (3d Cir. 2005) (*per curiam*) (dismissing appeal as frivolous when district court dismissed the underlying "complaint as frivolous because Awala failed to allege that the Defendants were acting under the color of state law and failed to establish standing to sue.");

[3]      Fluker filed nearly identical Complaints in the present case and the *Trans Union* matter dismissed by the District Court for the Eastern District of Michigan. *Compare* Complaint (ECF No. 1) in No. 24-12738 (E.D. Mich.) *with* Complaint (ECF No. 2) in No. 25-0327 (E.D. Pa.).

claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

Fluker's Complaint contains no allegation whatsoever of imminent danger. Indeed, his Complaint concerns alleged violations of the Fair Credit Reporting Act through TransUnion's purported failure to investigate inquires on Fluker's credit report. These allegations do not meet the imminent danger standard of Section 1915(g). Because there is no suggestion in any of his claims concerning imminent danger of serious physical injury at the time he brought this case, the Court finds that the imminent danger exception does not apply.

## IV.   CONCLUSION

Because Fluker is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and considering that he was not in imminent danger when he submitted this Complaint, the Court will deny Fluker's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Should Fluker desire to litigate his claims, he must pay the full filing fee in advance. An appropriate Order follows, which gives Fluker an opportunity to pay the fees in the event he seeks to proceed with this case.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.